**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8   BRICKLAYERS & ALLIED                        No. C-10-0112 EMC
    CRAFTWORKERS LOCAL UNION NO. 3,
9   AFL-CIO, *et al.*,

10              Plaintiffs,                      **ORDER RE SUPPLEMENTAL
                                                 BRIEFING AND/OR EVIDENCE**
11        v.
                                                 **(Docket No. 14)**
12  ERIC LAWRENCE YOUNG, *et al.*,

13              Defendants.
    _____/

14

15

16        Plaintiffs have filed a motion for default judgment against Defendant Eric Lawrence Young,

17  which is currently set for hearing on July 14, 2010.  Having reviewed Plaintiffs' motion and

18  accompanying submissions, the Court hereby orders that Plaintiffs provide supplemental briefing

19  and/or evidence as described below.

20        (1)     In its motion, Plaintiffs assert that Mr. Young is a party to a collective bargaining

21  agreement with the Bricklayers & Allied Craftworkers Local Union No. 3.  *See* Khtikian Decl. ¶ 4.

22  The agreement provided to the Court, however, indicates that the signatories to the agreement (in

23  addition to the union) are (a) "Tile, Terrazzo, Marble & Restoration Contractors Association of

24  Northern California, Inc." and (b) "Independent Tile Contractors."  *See id.*, Ex. 1 (agreement).

25  Plaintiffs should provide evidence establishing either that Mr. Young is a direct signatory to the

26  agreement or that he is an indirect signatory through "Tile, Terrazzo, Marble & Restoration

27  Contractors Association of Northern California, Inc." or "Independent Tile Contractors."

28

**United States District Court**
For the Northern District of California

1      (2)     Section 83 of the collective bargaining agreement submitted by Plaintiffs states that

2  each individual employer agrees to be bound to various trust funds agreements, including the (a)

3  Northern California Tile Industry Health & Welfare Fund, (b) the Northern California Tile Industry

4  Pension Trust Fund, and (c) the Northern California Tile Industry Apprenticeship & Training Trust

5  Fund. *See id.* (Agreement, art. X, § 83).  The trustees for each of these three trust funds are

6  Plaintiffs in this case.  However, the trustees for other trust funds are also named as Plaintiffs in this

7  case even though the collective bargaining agreement does not cover these other trust funds (*e.g.*, the

8  International Union of Bricklayers & Allied Craftworkers Pension Fund).  Plaintiffs should clarify

9  whether they are seeking monies owed to any trust funds other than the three listed in (a)-(c) above.

10  In addition, Plaintiffs should clarify whether the unpaid contributions requested (*i.e.*, $57,793.84),

11  *see* Eaton Decl. ¶ 4, includes contributions owed to any trust funds other than the three listed in (a)-

12  (c) above.

13      (3)     Plaintiffs have provided excerpts from the trust agreements for (a) the Northern

14  California Tile Industry Health & Welfare Fund and (b) the Northern California Tile Industry

15  Pension Trust Fund, but not (c) the Northern California Tile Industry Apprenticeship & Training

16  Trust Fund.  Plaintiffs should provide the relevant excerpts for the third trust fund (*i.e.*, the

17  Apprenticeship & Training Trust Fund).

18      (4)     Plaintiffs are seeking $57,793.84 in unpaid contributions and $20,318.50 in

19  liquidated damages.  *See* Eaton Decl. ¶¶ 4-5.  Plaintiffs should provide briefing and/or evidence

20  establishing how they calculated these sums.  In providing their calculations for liquidated damages,

21  Plaintiffs should explain why, in their complaint, Plaintiffs estimated that liquidated damages for the

22  period November 1, 2008-June 30, 2009, and August 1, 2009-September 30, 2009, were $13,904.10,

23  *see* Compl. ¶ 10, while, in their motion for default judgment, Plaintiffs estimate that liquidated

24  damages for the same period were $20,318.50.  *See* Eaton Decl. ¶ 5.  Plaintiffs should also explain

25  whether this presents a problem under Federal Rule of Civil Procedure 54(c).  *See* Fed. R. Civ. P.

26  54(c) (providing that "[a] default judgment must not differ in kind from, or exceed in amount, what

27  is demanded in the pleading").

28

**United States District Court**

For the Northern District of California

1    Plaintiffs shall file *and* serve their supplemental papers within a week of the date of this

2 order.  In addition, Plaintiffs shall serve a copy of this order within three days of the date of this

3 order.  Proofs of service shall be promptly filed with the Court.

4

5    IT IS SO ORDERED.

6

7 Dated:  May 25, 2010

8                                          _____
                                            EDWARD M. CHEN
9                                           United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28