United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ERIC LAWRENCE YOUNG, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-10-0112 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(Docket No. 20)** |

　　　　Plaintiffs are, *inter alia*, the Trustees of the Northern California Tile Industry Pension Fund; the Trustees of the Northern California Tile Industry Health & Welfare Fund; and the Trustees of the Northern California Tile Industry Apprenticeship & Training Trust Fund (collectively, "Trustees" and "Trust Funds"). The Trustees have filed suit against, *inter alia*, Defendant Eric Lawrence Young pursuant to the National Labor Relations Act, *see* 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. §§ 1132, 1145.

　　　　After Mr. Young failed to respond to their complaint, the Trustees sought entry of his default. That default was entered by the Clerk of the Court on April 15, 2010. *See* Docket No. 9 (notice). Currently pending before the Court is the Trustees' motion to set aside the default and to grant leave to file an amended complaint. In the motion, the Trustees explain that they are asking for the default to be set aside because, after the date the complaint was filed, they received additional information from Mr. Young indicating that he owed more monies to the Trust Funds. For the same

United States District Court
For the Northern District of California

1  reason, the Trustees ask for leave to file an amended complaint -- *i.e.*, so that they may include
2  allegations regarding these additional monies.

3      Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default
4  for good cause." Fed. R. Civ. P. 55(c). "'Good cause' has no precise definition, and its meaning
5  depends on the circumstances of the case." 55 Moore's Fed. Prac. -- Civ. § 55.70[1]. Typically, it is
6  the defaulting party who seeks to set aside the default and therefore courts have generally considered
7  the following three factors in determining whether there is good cause to set aside: (1) whether the
8  defaulting party engaged in culpable conduct that led to default; (2) whether the defaulting party had
9  a meritorious defense; or (3) whether reopening the default would prejudice the nondefaulting party.
10  *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir.
11  2004).

12      Here, the situation is different because it is the nondefaulting party -- the Trustees -- who are
13  asking to set aside the defendant's default. However, nothing in the text of Rule 55 indicates that a
14  nondefaulting party is barred from seeking to set aside a default. Indeed, the rule simply states, as
15  noted above, that an entry of default may be set aside for good cause. Assuming, without deciding,
16  that a nondefaulting party seeking to set aside a default must establish good cause, the Court
17  concludes that there is, in the instant case, good cause to set aside the default. As noted above, since
18  the date that the complaint was filed, the Trustees have discovered that additional monies are
19  allegedly owed the Trust Funds. As the Trustees argue, setting aside the default "will allow [them]
20  to resolve all known, and on the basis of current information, anticipated claims against [Mr.] Young
21  in one action." Mot. at 3. Moreover, the Court can discern no prejudice to Mr. Young by setting
22  aside the default.

23      For similar reasons, the Court gives the Trustees leave to amend their complaint against Mr.
24  Young so as to include allegations that additional monies are owed. Under Federal Rule of Civil
25  Procedure 15(a) provides that a "court should freely give leave [to amend] when justice so requires."
26  Fed. R. Civ. P. 15(a)(2). Ninth Circuit case law instructs that a court should consider the following
27  factors in determining whether to grant leave to amend: bad faith, undue delay, prejudice to the
28  opposing party, and/or futility. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). In the

United States District Court
For the Northern District of California

instant case, there is nothing to suggest that the amendment is being sought in bad faith, and the Trustees have not unduly delayed in seeking the amendment. (The original complaint was filed in January 2010. The Trustees asked for leave to amend in May 2010.) Furthermore, as noted above, allowing the amendment would not prejudice Mr. Young, and the amendment on its face does not appear to be futile.

Accordingly, the Court hereby **GRANTS** both the Trustees' motion to set aside the default against Mr. Young and to amend the complaint so as to include allegations that Mr. Young owes the Trust Funds additional monies. The amended complaint shall be filed and served within twenty (20) days of the date of this order.[1]

The case management conference in the case is rescheduled from July 28, 2010, to November 10, 2010, at 1:30 p.m.

The Trustees shall serve a copy of this order on Mr. Young within a week of the date of this order.

This order disposes of Docket No. 20.

IT IS SO ORDERED.

Dated: July 14, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] The Court notes that the Trustees' motion has no material affect on the defendant who has appeared in this case, *i.e.*, American Contractors Indemnity Company ("ACIC"). Indeed, ACIC has not opposed the Trustees' motion.

3